# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **JEFFERY COLEMAN** | : |
| 6723 Darkwood Court | : |
| Forestville, MD 20747 | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **DISTRICT OF COLUMBIA** | : |
| **WATER AND SEWER AUTHORITY** | : |
| 5000 Overlook Avenue, SW | : |
| Washington, DC 20032 | : |
| | : |
| SERVE: | : |
| **GEORGE HAWKINS** | : |
| **District of Columbia** | : |
| **Water and Sewer Authority** | : |
| 5000 Overlook Avenue, SW | : |
| Washington, DC 20032 | : |
| | : |
| **Defendant** | : |

==============================

## COMPLAINT

COMES NOW Plaintiff JEFFERY COLEMAN ("Coleman"), by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Complaint against the District of Colombia Water and Sewer Authority ("DC Water"). In support of this Complaint, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. § 623 *et seq.* ("ADEA") and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The amount in controversy exceeds $75,000.00.

1

2. Plaintiff brings this action to redress Defendant's deprivation of rights secured to Plaintiff pursuant to the ADEA and D.C. Code § 2-1401.01 *et seq.* ("DCHRA").

3. On January 18, 2017, Plaintiff filed an Intake Questionnaire, Case Number 570-2017-00698, with the U.S. Equal Employment Opportunity Commission (EEOC) alleging age discrimination and requesting to file a Charge of Discrimination.

4. On July 26, 2017, Plaintiff filed a Charge of Discrimination, Case Number 570-2017-00698, with the EEOC alleging age discrimination. Plaintiff received a Dismissal and Notice of Rights letter from the EEOC on February 22, 2018.

5. All of the acts complained of herein occurred in the District of Colombia.

6. Venue is proper because all of the material events giving rise to Plaintiff's claims occurred in the District of Columbia, Defendant is organized under the laws of the District of Columbia and Defendant's principal place of business is in the District of Columbia.

**PARTIES**

7. Plaintiff is a 61-year-old African-American male resident of Maryland who at all relevant times herein was employed by Defendant.

8. DC Water is an independent authority of the District of Columbia who operates within the District of Columbia.

9. DC Water is an employer within the meaning of the ADEA and DCHRA.

**FACTS**

10. Plaintiff commenced his employment at DC Water on July 18, 1988 as a Grade 3 Sewer Service Worker.

11. Plaintiff was later promoted to a Grade 5 Sewer Service Worker.

12. Plaintiff was again promoted to a Grade 7 Sewer Lateral Worker.

13. In 2006, Plaintiff was promoted to a Grade 10 Sewer Lateral Worker.

14. In his capacity as a Grade 10 Sewer Lateral Worker, Plaintiff acted in a supervisory capacity on the lateral truck and provided directions to the crew.

15. Plaintiff was a Grade 10 Sewer Lateral Worker until December 2015.

16. In late November or early December 2015, DC Water began a reorganization of the entire Sewer Services division.

17. James Calley, the Assistant General Manager, met with the Sewer Services employees to explain the reorganization process.

18. The aforementioned reorganization involved a reduction in the workforce of DC Water.

19. Upon information and belief, the reorganization was to reduce the number of older employees at DC Water.

20. Upon information and belief, after the reorganization, only four (4) employees in the Sewer Services division are over the age of sixty (60).

21. As part of the reorganization, DC Water abolished prior pay grades and assigned different grades to newly created positions.

22. All Sewer Services employees, including Plaintiff, were given the option of either reapplying to newly created positions or resigning.

23. DC Water indicated in job postings that all applicants to the newly created positions needed a commercial driver's license ("CDL") and a high school diploma or general equivalency degree ("GED").

24. The CDL and GED requirement were not present for positions prior to the reorganization.

25. Upon information and belief, only half of the workers over fifty (50) at DC Water had a CDL at the time of the reorganization.

26. Upon information and belief, the majority of younger workers had a GED and CDL at the time of the reorganization.

27. DC Water undertook the aforementioned reorganization in order to replace or demote older DC Water employees with younger employees.

28. The CDL and GED requirements were added to positions as a way to force older workers into lower pay grade positions.

29. Upon information and belief, the CDL and GED requirements served no legitimate non-discriminatory purpose.

30. The CDL and GED requirements were added to advantage younger candidates over older candidates.

31. In June 2016, Plaintiff applied for a Grade RW-11, Operator II, Engineering Equipment/CDL position.

32. In June 2016, Plaintiff applied for a Grade RW-10, Utility Services Worker position.

33. In June 2016, Plaintiff applied for a Grade RW-8, Utility Services Worker position.

34. In June 2016, Plaintiff applied for a Grade RW-6, Utility Services Worker position.

35. Plaintiff had nearly thirty (30) years of experience at DC Water at the time he applied for the aforementioned positions.

36. Plaintiff had worked in the Sewer Services division for his entire tenure at DC Water.

37. Plaintiff was also an experienced plumber, and had experience troubleshooting sewer stoppages and relieving any stoppage from inside or outside of a building.

38. Other than the GED and CDL requirement, Plaintiff met all of the qualifications listed on the job postings for the aforementioned positions he applied for.

39. Marvin Chaney ("Chaney") did not have a GED, but was demoted from a Grade RW-11 to a Grade RW-10.

40. Plaintiff was not interviewed for any of the aforementioned positions other than the Grade RW-6, Utility Services Worker position.

41. In Plaintiff was hired for the Grade RW-6, Utility Services Worker position in June 2016.

42. On average, workers who were Grade 11 or Grade 10 prior to the reorganization were demoted to a Grade RW-8.

43. After the reorganization, younger workers were promoted from lower pay grades to higher pay grades.

44. Kevin Glover ("Glover"), who is in his mid-thirties and was trained by Plaintiff, was a RW-7 or RW-8 before the reorganization and worked on the lateral truck with Plaintiff.

45. After the reorganization, Glover was promoted to an RW-10 working on the lateral truck.

46. Marquell Owens ("Owens"), who is in his mid-thirties and was trained by Plaintiff, was a RW-7 or RW-8 before the reorganization and worked on the lateral truck with Plaintiff.

47. After the reorganization, Owens was promoted to an RW-10 working on the lateral truck.

48. Frank Wilkes ("Wilkes"), who is in his mid-thirties and was trained by Plaintiff, was a RW-7 or RW-8 before the reorganization and worked on the lateral truck with Plaintiff.

49. After the reorganization, Wilkes was promoted to an RW-10 working on the lateral truck.

50. Kenny Bass ("Bass"), who is in his mid-thirties and was trained by Plaintiff, was a RW-7 before the reorganization.

51. After the reorganization, Bass was promoted to an RW-8 working on the lateral truck.

52. Bass does not have a GED or high school diploma.

53. Plaintiff is more qualified and has more experience than Glover, Owens, Wilkes and Bass.

54. After the reorganization, Plaintiff has been under the supervision of employees who are in their mid-thirties.

55. One of the employees who supervises Plaintiff was an RW-6 or RW-7 before the reorganization. This employee was promoted to an RW-10 after the reorganization.

56. Plaintiff often assists younger and less-experienced RW-10 employees in performing routine tasks, such as interacting with occupants.

57. Plaintiff has more experience and is more qualified for the RW-10 positions than the younger employees DC Water promoted from RW-6 and RW-7 positions.

58. The following employees in the Sewer Services Division were also a Grade RW-10 prior to the reorganization: Ricky Banks ("Banks"), Ronald Lewis ("Lewis"), Terrance Hunter ("Hunter") and Kenny Morgan ("Morgan").

59. Banks, Lewis, Hunter and Morgan are all younger than Plaintiff.

60. Banks, Lewis, Hunter and Morgan were all demoted from a Grade RW-10 to a Grade RW-8.

61. Plaintiff has more experience than Banks, Hunter and Morgan.

62. Plaintiff has the same amount of experience as Lewis.

63. Upon information and belief, Plaintiff has skills, such as plumbing troubleshooting, that Banks, Lewis, Hunter and Morgan did not have.

64. Plaintiff was demoted to a Grade RW-6, which is significantly less compensation than a Grade RW-8.

65. Plaintiff's duties as a Grade RW-6 primarily involve working on the response truck.

66. Plaintiff's duties as a Grade RW-10 involved working as a lead man on the lateral truck.

67. The lateral truck is managed by two employees, an RW-10 who takes the lead and an RW-8 who assists.

68. After the reorganization, Plaintiff is still assigned to the lateral truck.

69. Plaintiff is assigned to work the lateral truck approximately 25-50% of the time.

70. Plaintiff is assigned to work the lateral truck with both RW-10 employees and RW-8 employees.

71. When Plaintiff works the lateral truck with an RW-8 employee he is given the role of the lead man.

72. When Plaintiff works the lateral truck with an RW-10 employee he is treated as an equal.

73. Plaintiff completed a six (6) week CDL course and obtained his CDL on September 15, 2016.

74. Despite the fact that Plaintiff subsequently obtained his CDL, his was not given a higher pay grade.

75. Plaintiff began classes to obtain his GED on January 23, 2017.

76. Despite Plaintiff's experience and credentials, he has not been promoted to a higher pay grade.

77. DC Water discriminated against Plaintiff and other older workers due to their age by using the reorganization to demote them and promote younger workers.

78. DC Water used the aforementioned reorganization to push out older workers and to promote younger workers.

**COUNT I**
**AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. § 623 *ET SEQ.* ("THE ADEA") AND THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE § 2-1401.01 *ET SEQ.* ("DCHRA")**

79. The plaintiff incorporates by reference paragraphs 1 through 78 as if fully set forth herein.

80. Plaintiff, who was 59 at the time, is a member of a protected class.

81. Plaintiff was qualified for his position before the reorganization and was qualified for the positions that he applied for after the reorganization.

82. Plaintiff was not hired for positions he applied for and was qualified for.

83. Defendant hired a younger and less-qualified person for the positions Plaintiff applied for.

84. Plaintiff's position prior to the reorganization was filled by a person younger than Plaintiff after the reorganization.

85. Defendant demoted Plaintiff because of his age.

86. Defendant did not hire Plaintiff for the positions he applied for because of Plaintiff's age.

87. Any legitimate reason proffered by Defendant as to demoting and not rehiring Plaintiff is pretextual.

88. Defendant used the reorganization to demote or replace older workers with younger workers.

89. As a result of Defendant's adverse employment actions alleged herein, Plaintiff's compensation significantly decreased.

90. In allowing and perpetrating the discrimination described herein, Defendant has acted with malice and reckless indifference to the rights of Plaintiff, causing Plaintiff to be harmed physically and economically.

91. Plaintiff has suffered emotional and psychological harm, has experienced a loss of employment opportunities and benefits, along with other compensable injuries.

92. At all relevant times herein, Defendant acted with a reckless disregard for the rights of all DC Water employees.

93. Defendant's conduct alleged herein gives rise to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

I. Re-pleads and re-alleges paragraphs 1 through 93 with the same force and effect as if fully set forth herein;

II. Subject to further discovery, reserves the right to amend the Complaint;

III. An award of compensatory and punitive damages in favor of Plaintiff for Defendant's violation of Plaintiff's rights pursuant to the DCHRA;

IV. Back pay and unpaid overtime pursuant to the ADEA;

V. Attorney's fees, costs and prejudgment interest;

VI. Court fees and costs;

VII. Any and all other relief that this Court deems just and fair.

Jeffery Coleman
By Counsel

Respectfully submitted,

*/s/ Billy L. Ponds*
Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
2101 L Street, N.W.
Suite 400
Washington, D.C. 20037
Telephone Number: (202) 333-2922
E-Mail: plfpc@aol.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| JEFFERY COLEMAN | : |
| | : |
|       **Plaintiff** | : |
| | : |
|       v. | : |
| | : |
| DISTRICT OF COLUMBIA | : |
| WATER AND SEWER AUTHORITY | : |
| | : |
|       **Defendant** | : |

==============================

## JURY DEMAND

The plaintiff hereby requests a jury trial on all triable issues, including the amount of damages to be awarded.

                                            Jeffery Coleman
                                            By Counsel

                                            Respectfully submitted,

                                            */s/ Billy L. Ponds*
                                            Billy L. Ponds
                                            Counsel for the Plaintiff
                                            The Ponds Law Firm
                                            Bar Number 379883
                                            2101 L Street, N.W.
                                            Suite 400
                                            Washington, D.C. 20037
                                            Telephone Number: (202) 333-2922
                                            E-Mail: plfpc@aol.com