# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFERY COLEMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-cv-01215 (APM) |
| DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant D.C. Water and Sewer Authority's Motion to Dismiss rests on a single premise: Plaintiff Jeffrey Coleman's Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire, filed on January 18, 2017, does not constitute a "charge" for purposes of the limitations period under the Age Discrimination in Employment Act of 1967 ("ADEA"). *See* Def.'s Mem. in Support of Mot. to Dismiss, ECF No. 10 [hereinafter Def.'s Mem.], at 5–10. The parties agree that, if the Intake Questionnaire constitutes a "charge" under the ADEA, then Plaintiff's suit is timely; if not, the action is untimely.

I.

As applicable here, the ADEA requires that an employee file a "charge" with the EEOC "within 300 days after the alleged unlawful practice occurred . . ." 29 U.S.C. § 626(d)(1)(B). The ADEA does not define the term "charge," but the Supreme Court filled that gap in *Federal Express Corp. v. Holowecki*. 552 U.S. 389 (2008). There, the court held that an EEOC Intake Questionnaire can constitute a "charge" if it contains three elements: (1) an allegation of age discrimination; (2) the name of the charged party; and, critically, (3) "a request for the agency to

take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 402. As to that last element, it must appear to the "objective observer" that "the filer requests the agency to activate its machinery and remedial processes . . . ." *Id.*

Plaintiff's Intake Questionnaire easily satisfies the standard set forth in *Holowecki*. Like the filer in *Holowecki*, Plaintiff's Questionnaire—including his two-page statement appended thereto—contains the following basic factual information: Plaintiff's name, address, and phone number, as well as those of his employer; an allegation that he and others were the victims of age discrimination; the number of persons employed by his employer; and a statement that he had not sought the assistance of any other government agency regarding the matter. *Compare id.* at 404 *with* Pl.'s Opp'n to Def.'s Mot., ECF No. 11, Ex. A., ECF No. 11-2 [hereinafter Intake Questionnaire], at 2, 4, 6–7.

Additionally, and most importantly, Plaintiff unequivocally requested that the agency "activate its machinery and remedial processes." *Holowecki*, 552 U.S. at 402. Plaintiff checked "Box 2" on the Intake Questionnaire, which provides: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer . . . that I accuse of discrimination information about the charge, including my name." Intake Questionnaire at 4. That fact is arguably dispositive. Following *Holowecki*, the EEOC revised its intake questionnaire to include "Box 2," so as "to require claimants to check a box to request that the EEOC take remedial action." *Hildebrand v. Allegheny County*, 757 F.3d 99, 113 (3d Cir. 2014). The Third Circuit in *Hildebrand* held that "an employee who completes the Intake Questionnaire and checks Box 2 *unquestionably* files a charge of discrimination." *Id.* (emphasis added); *accord Leftwich v. Gallaudet Univ.*, 878 F. Supp. 2d 81,

91–92 (D.D.C. 2012) (finding that intake questionnaire qualified as a charge where the employee had checked a box similar to "Box 2"). Thus, Plaintiff's unqualified checking of "Box 2" is itself a request for action.

But there is more. Plaintiff concluded his two-page statement with an express call for the agency to act: "I am requesting that the EEOC investigate the claims contained in this supplement." Intake Questionnaire at 7. That sentence unambiguously calls on the EEOC to act on his complaint. Accordingly, Plaintiff's Intake Questionnaire qualifies as a "charge" for the ADEA's 300-day limitations period.

II.

The cases Defendant relies upon are all readily distinguishable. *See* Def.'s Mem. at 6–9; *see also* Def.'s Reply to Pl.'s Opp'n, ECF No. 13, at 2–6. Defendant's heavy reliance on *Dyson v. District of Columbia* is misplaced, as *Dyson*, though decided after *Holowecki*, does not even mention that binding authority. *See generally* 808 F. Supp. 2d 84 (D.D.C. 2011).[1] *Dyson* therefore carries no persuasive force. Additionally, *Marshall v. Honeywell Tech. Solutions, Inc.*, is wholly inapt. 598 F. Supp. 2d 57 (D.D.C. 2009). There, the intake form suffered from "significant deficiencies," such as failing to name the employer; identifying the petitioner as under the age of 40, thereby taking himself outside of the ADEA's coverage; and missing "any detailed description of the discriminatory conduct." *Id.* at 61. The Intake Questionnaire here does not suffer from these shortcomings. Finally, *Minter v. District of Columbia* is readily distinguishable, as the employee in that case "did not attach a letter or separate document to the questionnaire expressing her intention to file a claim," but instead expressly asked only to "*consult* with a[n] EEO Specialist

---

[1] The Circuit's decision in *Dyson v. District of Columbia* does not help Defendant either, as that decision did not address whether the employee's intake questionnaire qualified as a "charge" under *Holowecki*. *See generally* 710 F.3d 415 (D.C. Cir. 2013).

3

regarding the *possible* filing of charges." 62 F. Supp. 3d 149, 163 (D.D.C. 2014) (internal quotation marks omitted) (emphasis in original). Plaintiff, by contrast, expressly asked the EEOC to "investigate the claims contained in this supplement."

III.

In summary, Plaintiff's Intake Questionnaire meets the definition of "charge" as interpreted by the Supreme Court in *Holowecki*. Accordingly, his claim is timely. Defendant's Motion to Dismiss is therefore denied.

Dated: December 17, 2018

Amit P. Mehta
United States District Judge